**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Frank POLK and Marie Polk, Respondents.**

**No. 6202.**

United States Court of Appeals Tenth Circuit.

March 17, 1960.

John J. Pajak, Department of Justice, Washington, D. C. (Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attorneys, Department of Justice, Washington, D. C., on the brief), for petitioner.

Ranel Hanson, Oklahoma City, Okl., for respondents.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of the Tax Court holding that interest on a personal income tax deficiency assessed against an individual taxpayer is a deduction "attributable to the operation of a trade or business" for the purpose of computing a net operating loss under Section 122(d) (5) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 122(d) (5), where the deficiency on which the interest was paid resulted from an understatement by the taxpayer of his business income. The facts are without dispute and the sole question is one of law.

At all relative times, the taxpayer, Frank Polk, was engaged as an individual in the business of raising and producing livestock. He filed his income tax return on the accrual basis. On his books he carried large livestock inventories which were a substantial factor in determining net income, if any, from the operation of his business. As a result of a revaluation of the taxpayer's livestock inventories, the Commissioner determined a very substantial deficiency in his 1948 income tax on which penalty interest was assessed. In 1952, he treated the item of interest as a business expense arising out of the operation of his business. In his 1953 return, he claimed the item as an operating loss carryover from the previous year under applicable provisions of the Revenue Code.

We are concerned here solely with the taxpayer's right to treat this item of interest as an item of expense attributable to the operation of his business of raising and producing livestock. Whether the penalty interest may be deducted as a business expense must be determined from a consideration of Section 23(a) (1) (A) of the 1939 Code, 26 U.S.C.A. § 23(a) (1) (A). That Section permits deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." The Section is general in its terms. It does not attempt to define or lay down a yardstick by which can be determined what specific items constitute business expense. A considerable discretion must be exercised in determining that question under the facts of each particular case.

In its opinion upholding taxpayer's right to deduct the penalty interest as an ordinary and necessary expense of doing business, the Tax Court said, "We think it is clear that the deficiency assessed by respondent in 1948 arose in connection with petitioner's business, and was proximately related thereto, and that the same must be said of the interest paid thereon." The court also concluded that this case was controlled by Commissioner of Internal Revenue v. Standing, 4 Cir., 259 F.2d 450. The Standing case involved both attorneys' fees and penalty interest. In reaching its conclusion in the Standing case that penalty interest on a deficiency assessment of income taxes was deductible as a business expense, the court relied on a line of cases holding attorneys' fees deductible as a business expense.

■■ An item of expense is not deductible as a business expense merely because it arose in connection with the taxpayer's business and was proximately related thereto. To be deductible, it must be an ordinary and necessary ex-

pense incurred in the operation of the business. The decision in Kornhauser v. United States, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, upholding the allowance of attorneys' fees in defending a suit against a taxpayer, was on the grounds that such fees were an ordinary and necessary expense of doing business and not that they were connected with the business and proximately related thereto. That expenses must be ordinary and necessary to be deductible as a business expense was again expressed by the court in Commissioner of Internal Revenue v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 252, 88 L.Ed. 171. There, the court said, "For respondent to employ a lawyer to defend his business from threatened destruction was 'normal'; it was the response ordinarily to be expected." We are in accord with those decisions holding that attorneys' fees necessarily expended in litigation instituted by the taxpayer or in defense of such litigation brought against him, under proper circumstances, constitute ordinary and necessary expenses incurred in the operation of the business. But it does not follow from these cases that penalty interest on a deficiency income tax assessment likewise is deductible. Such expenses stand in a different light.

What is the meaning of the word "ordinary" as used in Section 23(a) (1) (A)? The Act does not define it. Neither is there a regulation by which we may be guided. Webster defines "ordinary" as, "Having or taking its place according to customary occurrences or procedure; usual; normal." In that sense, attorneys' fees, in defense of litigation against a taxpayer, are ordinary expenses because such litigation results in numerous instances and is to be expected. But the same cannot be said, as a matter of course, of penalty interest. Whether such expenses are ordinary business expenses, depends upon the peculiar facts of each case.

The field, within which it can be said that penalty interest on a deficiency assessment of taxes against a taxpayer, charged with the duty of filing a correct return, constitutes an ordinary and necessary expense arising out of the operation of the business, is much narrower than in the case of attorneys' fees. Penalty interest is an incident of a deficiency assessment of additional taxes brought about by the failure of the taxpayer to correctly return all income of the business. Unless it can be said that the failure to properly evaluate inventories, which form a part of a taxpayer's return, arises because of the nature of the business, and is ordinarily and necessarily to be expected,[1] interest on a deficiency assessment does not arise out of the ordinary operation of the business and may not be deducted.

■■■ As pointed out, the taxpayer was engaged in raising and producing livestock for the market. He kept his books and made his tax return on the accrual basis. We think we may judicially note that the value of livestock, including livestock which has been raised, as well as purchased, is a matter on which qualified minds may differ. Under such facts, it is difficult, if not impossible, for a taxpayer acting in the best of faith to make an inventory return which will correctly reflect the true value of the livestock as finally determined. Under such facts, it is to be expected that a final analysis and examination of the return will result in a valuation considerably different from that adopted by the taxpayer. Under such facts, it is our conclusion that the assessment of additional income taxes is an ordinary and usual incident of conducting such a business and may be expected to arise where the best of faith is exercised in the preparation of the return. In such cases, it is an ordinary and perhaps an unavoidable incident of conducting such business. There is a very great disparity in the amount of tax as revealed by

---

1. Ordinary and necessary is used in the sense that it may be expected to occur on numerous occasions even where the taxpayer exercises good faith in preparing and evaluating the inventories.

the return and as finally determined, assessed and paid, after the correction of the inventory valuations. But there is no finding of bad faith in the preparation of the return. We mean to hold no more than that, under the facts of this case as presented to us, the holding of the Tax Court that the penalty interest constituted an ordinary and necessary business expense, within the terms of the applicable statute, is not without foundation, and the judgment is, therefore, affirmed.