## McNUTT-BOYCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88637.     Filed June 27, 1962.

*Junius H. Payne, Jr., Esq.,* for the petitioner.
*R. P. Hertzog, Esq.,* for the respondent.

#### OPINION.

ARUNDELL, *Judge:* Respondent determined a deficiency in personal holding company tax for the calendar year 1958 in the amount of $16,320.36.

The sole issue in controversy, and the only matter for determination, is whether the interest of $49,656.28 accrued and paid by petitioner in 1958 to the

Fidelity National Bank of Baton Rouge, Louisiana, is a deduction allowable to petitioner under section 162 of the Internal Revenue Code of 1954, as amended, for the purpose of section 542(c)(9) of that Code. Without prejudice to either party as to this issue, it is hereby agreed that in all other respects petitioner throughout the calendar year 1958 met the requirements of a finance company qualifying for the exception to the definition of a personal holding company set forth in section 542(c)(9) of the Internal Revenue Code of 1954, as amended.

The facts were stipulated and are so found.

Petitioner is a corporation organized on January 1, 1958, and existing under the laws of the State of Delaware with its principal business address in Baton Rouge, Louisiana. It filed its Federal income tax return for the taxable year 1958 with the district director of internal revenue in New Orleans, Louisiana.

Petitioner is engaged in the business of purchasing installment notes and contracts on heavy machinery and other items. It keeps its books and prepares its income tax returns on a calendar year basis and on an accrual method of accounting.

During the calendar year 1958 petitioner purchased in connection with its business, installment notes and contracts in approximately the amount of $1,373,984.79. Since petitioner had insufficient capital to handle this volume of financing, it was obliged to obtain the necessary funds through commercial borrowing. For this purpose petitioner borrowed from the Fidelity National Bank of Baton Rouge, Louisiana, substantial sums of money which at various times in 1958 reached the figure of $933,236.73. During the year 1958 petitioner accrued and paid interest charges aggregating $49,656.28 to this bank on the funds thus borrowed.

The correct gross income of petitioner for the calendar year 1958 was $79,824.53.

In addition to the above interest of $49,656.28 which petitioner deducted on its Federal income tax return for the calendar year 1958, petitioner also deducted other items which it accrued and paid in that year as follows:

| | |
|---|---:|
| Bank exchange | $221.05 |
| Telephone | 1.18 |
| Stationery | 13.45 |
| Legal | 215.00 |
| Louisiana income tax | 684.82 |
| | 1,135.50 |

The correct net taxable income of petitioner for the calendar year 1958 was $29,032.75 ($79,824.53 minus $49,656.28 minus $1,135.50). On this net income petitioner reported an income tax liability of $9,597.03.

Section 542 of the Internal Revenue Code of 1954, as amended, insofar as is here material, is in the margin.[1]

The parties agree that petitioner is a "personal holding company" as that term is defined in section 542(a) unless it comes within the exception specified in section 542(c)(9); and they also agree that petitioner does come within the exception if the interest which petitioner paid to the Fidelity National Bank of Baton Rouge in the amount of $49,656.28 is allowable as a deduction from gross income "under section 162" of the 1954 Code.[2] The respondent contends that the interest is *not* allowable as a deduction under section 162 because it is specifically allowable under section 163 of the 1954 Code.[3]

Petitioner concedes that the interest is specifically allowable as a deduction under section 163 but contends that it also meets the test of an ordinary and necessary expense paid or incurred in carrying on a trade or business and is, therefore, also deductible under section 162. It concedes, of course, that it is not entitled to deduct the interest twice.

It is our opinion that the interest of $49,656.28 constitutes a deduction allowable to petitioner under section 162 of the 1954 Code for the calendar year 1958, for the purposes of section 542(c)(9) thereof. Such conclusion is based on two grounds. First of all, we think section 162 makes it clear that interest, though specifically deductible under section 163, may also be deducted under section 162 if it constitutes an ordinary and necessary business expense of the taxpayer. Secondly, there can be no question that the interest of $49,656.28 accrued and paid by petitioner in 1958 constitutes an ordinary and necessary expense incurred in carrying on petitioner's business within the meaning of section 162.

In determining whether interest may be deducted by a taxpayer under section 162, it is important to note that subsection (a) thereof

---

[1] SEC. 542. DEFINITION OF PERSONAL HOLDING COMPANY.

(a) GENERAL RULE.—For purposes of this subtitle, the term "personal holding company" means any corporation (other than a corporation described in subsection (c)) if—

\* \* \* \* \* \* \*

(c) EXCEPTIONS.—The term "personal holding company" as defined in subsection (a) does not include—

\* \* \* \* \* \* \*

(9) a finance company, actively and regularly engaged in the business of purchasing or discounting accounts or notes receivable or installment obligations \* \* \*

\* \* \* \* \* \* \*

provided that the deductions *allowable under section 162 (relating to trade or business expenses), other than compensation for personal services rendered by shareholders (including members of the shareholder's family as described in section 544(a)(2)), constitute 15 percent or more of the gross income* \* \* \* [Emphasis supplied.]

[2] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction *all* the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business *including*—\* \* \* [Emphasis supplied.]

[3] SEC. 163. INTEREST.

(a) GENERAL RULE.—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.

does not limit business expenses deductible thereunder to those specifically enumerated therein; on the contrary, such subsection refers to "*all* the ordinary and necessary expenses * * * in carrying on any trade or business, *including*" certain ones specifically set forth. It is equally significant that while section 162(b)[4] and (c)[5] expressly deny a deduction under section 162(a) for certain specified types of business expense, yet there is not the slightest suggestion in the statutory language of section 162 that a business expense may not be deducted thereunder because it is specifically allowable as a deduction under some other section of the Code. Furthermore, paragraph 9 of section 542(c), *supra*, in providing that the term "personal holding company" does not include a "finance company" if the deductions "allowable under section 162 (relating to trade or business expenses) * * * constitute 15 percent or more of the gross income," saw fit further specifically to exclude from deductions under section 162 only "compensation for personal services rendered by shareholders (including members of the shareholder's family as described in section 544(a)(2))." Thus, when sections 162 and 542(c)(9) are considered together, as they should be, the conclusion one inescapably reaches is that interest is not excluded as a deduction under section 162 provided it meets the test of an ordinary and necessary expense paid or incurred during the taxable year in carrying on a trade or business. Not all interest paid or incurred meets such a test, which explains the specific provision under section 163 allowing as deductions all interest paid or accrued within the taxable year on indebtedness.

The first sentence of the Income Tax Regulations under section 162 corroborates both the all-inclusive nature of the business expenses which may be deducted thereunder and the fact that such a deduction and a specific deduction under another section of the Code are not mutually exclusive, although a double deduction for the same item may not be taken. Thus, section 1.162–1(a) of the Income Tax Regulations states:

> Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, except items which are *used* as the basis for a deduction or a credit under provisions of law other than section 162. [Emphasis supplied.]

It is clear from section 163 that Congress intended to allow as a deduction "all interest paid or accrued within the taxable year on indebtedness" whether or not the interest met the test of an ordinary and necessary expense paid or incurred in the carrying on of a trade or business. To the extent that interest paid on indebtedness also meets the test of an expense, the two sections (162 and 163) may be said to

---

[4] Relating to charitable contributions and gifts.

[5] Relating to improper payments to officials or employees of foreign countries.

"overlap"[6] and the interest may be deducted under either one of the two sections just so long as it is not deducted under both. From a pure *deduction* standpoint it would make no difference in tax liability whether the interest deduction was claimed under section 162 or 163. Cf. *Tom F. Baker III*, 38 T.C. 9, wherein we said:

As an explanation of this it may be observed that in reality, from a pure *deduction* standpoint, it makes no difference in tax liability whether a deduction from gross income is called a business expense and allowed under section 162 or depreciation and allowed under section 167. In fact, the cases show that the term given the allowance has been indiscriminately referred to sometimes as expense or amortization[7] and at other times as exhaustion or depreciation.[8] [Footnotes omitted.]

In at least three cases, all affirmed by three separate circuits, we have held under the 1939 Code that certain *interest* was an ordinary and necessary expense paid or incurred during the taxable year in carrying on a trade or business and deductible under section 23(a) (1) (A) of the 1939 Code, which is the counterpart of section 162(a) of the 1954 Code, notwithstanding the Commissioner's contention that the interest was deductible only under section 23(b) of the 1939 Code, which is the counterpart of section 163(a) of the 1954 Code, and was not therefore an expense attributable to a trade or business carried on by the taxpayer. See *James J. Standing*, 28 T.C. 789, affd. 259 F.2d 450 (C.A. 4, 1958); *Frank Polk*, 31 T.C. 412, affd. 276 F.2d 601 (C.A. 10, 1960); and *Elmer Reise*, 35 T.C. 571, affd. 299 F.2d 380 (C.A. 7, 1962).

In the *Standing* case, the issue was the determination of "Adjusted Gross Income" under section 22(n) (1) of the 1939 Code,[7] and involved the sum of $29,043.32 representing interest on income tax deficiencies and other expenses incurred in settling the deficiencies, which items had been accrued by the taxpayers in their return for 1951. We found that the sum of $29,043.32 was attributable to a trade or business carried on by the taxpayers and that it was properly deductible under section 23(a) (1) (A). In our opinion we said in part:

Respondent's second argument is that the interest on the income tax deficiencies and the fees in connection with contesting the asserted deficiencies are items "having no connection with their businesses." The question is whether

---

[6] Cf. 4 Mertens, Law of Federal Income Taxation, sec. 25.05, reading as follows: "The Code provision quoted above [sec. 162] overlaps other sections of the Code which provide for numerous classes of deductions from gross income. For example, there is a separate provision for the deduction of taxes[39] and interest.[40] Inasmuch as taxes and interest may constitute a component element of business expense, it is obvious that the general provision dealing with business expenses and the separate provisions dealing with taxes and interest may both cover the allowance of the same deduction.[41] Of course, amounts deducted under one provision of the Code cannot again be deducted under any other provision of the Code.[42] [Footnotes omitted.]"

[7] SEC. 22. GROSS INCOME.

(n) DEFINITION OF "ADJUSTED GROSS INCOME."—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer * * *

these items would be deductible as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any [Standing's] trade or business" within the provisions of section 23(a)(1)(A). We hold they were. * * * Substantially all of the adjustments which gave rise to the deficiency grew out of and were proximately related to the business. Therefore, the legal and accounting expenses and the interest on the deficiency were properly deductible as business expenses. We hold the items of interest on income tax deficiencies and fees for contesting the deficiencies were properly deductible under the provisions of section 22(n)(1) and section 23(a)(1)(A) of the Internal Revenue Code of 1939 in arriving at taxpayers' adjusted gross income.

In *Frank Polk, supra,* the only issue was whether interest paid on a 1948 deficiency in income tax was deductible as a business expense in the computation of a net operating loss carryover to the taxable year 1953 under section 122(d)(5) of the 1939 Code.[8]  The term "allowed by this chapter" in section 122(a), *infra,* means allowed by "Chapter 1—Income Tax" which of course includes all of section 23 with all of its subsections.  The item in dispute in the *Polk* case was an item of interest in the amount of $29,730.44 paid on a personal income tax deficiency and deducted in the return filed for the year 1952, thus producing a net loss for 1952, which the taxpayers were claiming as a net operating loss carryover to 1953.  The Commissioner's contention was that the item was "not attributable to the operation of a trade or business regularly carried on by the taxpayer" as that phrase is used in section 122(d)(5), and that, therefore, the taxpayers were not allowed the carryover to the extent of $29,730.44.  In holding for the taxpayers, we said:

We think the instant case is clearly controlled by our Opinion in *James J. Standing,* 28 T.C. 789 (1957), affd. 259 F. 2d 450 (C.A. 4, 1958), in which the facts are identical in principle with those in the instant case.  It follows that the interest paid on the deficiency in the instant case is properly deductible as an ordinary and necessary expense of a business regularly carried on, and is to be taken into account in determining the net operating loss carryover to 1953.

The issue involved in *Elmer Reise, supra,* is the same as in the *Polk* case except that a net operating loss carryback is involved instead of a net operating loss carryover.

In the instant case whether the interest of $49,656.28 is deducted under section 162 or 163 becomes vital to petitioner.  Under section 542(c)(9), *supra,* it is decisive of whether petitioner is a "personal

---

[8] SEC. 122. NET OPERATING LOSS DEDUCTION.

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

\*          \*          \*          \*          \*          \*          \*

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a) * * * shall be as follows:

\*          \*          \*          \*          \*          \*          \*

(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business. * * *

# 468

holding company" and liable for a personal holding company tax under section 541 [9] of $16,320.36 in addition to the $9,597.03 of income tax shown on its return or a total tax liability of $25,917.39, which amounts to over 89 percent of its taxable net income of $29,032.75. The parties have stipulated that if the interest of $49,656.28 is a deduction "allowable under section 162 (relating to trade or business expense)" then petitioner meets all the requirements of a finance company qualifying for the exception to the definition of a personal holding company set forth in section 542(c) (9), *supra*.

There can be no serious question that the interest incurred and paid by petitioner in 1958 meets the statutory tests for a deduction allowable under section 162. Certainly such interest was directly related to the production of income from petitioner's business in 1958. It has been stipulated that petitioner was "engaged in the business of purchasing installment notes and contracts on heavy machinery and other items." It was further stipulated that in 1958 "petitioner purchased in connection with its business, installment notes and contracts in approximately the amount of $1,373,984.79," and that since "petitioner had insufficient capital to handle this volume of financing, it was obliged to obtain the necessary funds through commercial borrowing," and that "For this purpose petitioner borrowed from the Fidelity National Bank of Baton Rouge, Louisiana, substantial sums of money, which at various times in 1958 reached the figure of $933,236.73." Finally, it was stipulated that the interest of $49,656.28 in question was paid to the Fidelity National Bank on the above-mentioned funds borrowed from it. Such recital of facts makes it clear that the interest of $49,656.28 was directly connected with petitioner's business in 1958. Furthermore, it is equally apparent that such interest was both an ordinary and necessary expense. Certainly, borrowing funds from commercial sources is normal and customary for a finance company such as petitioner, so that the interest expense thereby incurred constitutes an ordinary expense of petitioner's business. Furthermore, it is doubtful if petitioner could have operated without the borrowed funds. Thus, the conclusion is inescapable that the $49,656.28 of interest incurred and paid by petitioner in 1958 constituted a deduction "allowable under section 162 (relating to trade or business expenses)" as that phrase is used in section 542(c) (9) of the 1954 Code.

---

[9] SEC. 541. IMPOSITION OF PERSONAL HOLDING COMPANY TAX.

In addition to other taxes imposed by this chapter, there is hereby imposed for each taxable year on the undistributed personal holding company income (as defined in section 545) of every personal holding company (as defined in section 542) a personal holding company tax equal to the sum of—

    (1) 75 percent of the undistributed personal holding company income not in excess of $2,000, plus

    (2) 85 percent of the undistributed personal holding company income in excess of $2,000.

The respondent argues that where a statute provides both general and specific classifications, the general must give way to the specific, citing *Monarch Life Insurance Co.*, 38 B.T.A. 801, and *Ginsberg & Sons* v. *Popkin*, 285 U.S. 204. However, in the *Ginsberg* case the Supreme Court said:

The construction contended for would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute. *Market Co.* v. *Hoffman*, 101 U.S. 112, 115. *Ex parte Public National Bank*, 278 U.S. 101, 104.

And in *McDonald* v. *Thompson*, 305 U.S. 263, Mr. Justice Butler cited the *Ginsberg* case for the rule that "all words of a statute are to be taken into account and given effect if that can be done consistently with the plainly disclosed legislative intent."

Sections 162 and 163 are not inconsistent with each other. They are of equal dignity and should be so considered. In *State* v. *Shanks*, 178 Ind. 330, 99 N.E. 481, the Supreme Court of Indiana observed that:

When there is no repugnancy between two distinct and co-ordinate sections of the same statute, the language of the special provisions of one should not be allowed to limit or control the general provisions of the other, especially when such general provisions are in harmony with the purpose and scope of the statute * * *

We think that rule is clearly applicable in the instant case. In our opinion, Congress fully intended to except a finance company from classification as a personal holding company sometimes referred to as an "incorporated pocketbook" (cf. *Pacific Gas & Fuel Co.*, 47 B.T.A. 15, 18) if it was in fact an "operating" company and the test for this under the statute is whether at least 15 percent of the gross income consists of "deductions allowable under section 162 (relating to trade or business expenses), other than compensation for personal services rendered by shareholders." We think, for reasons previously given, petitioner meets that test. The interest it paid alone amounted to over 62 percent of petitioner's gross income. To apply the rule asked for by the respondent in the manner the respondent would apply it would be to do violence to the cardinal canon of statutory construction of discovering the true intent of Congress and to give effect to all parts of a statute. See *United States* v. *Katz*, 271 U.S. 354, 357; *Alexander* v. *Cosden Co.*, 290 U.S. 484, 496; *Aluminum Co. of America* v. *United States*, 123 F. 2d 615, 619 (C.A. 3, 1941), and *Lambur* v. *Yates*, 148 F. 2d 137, 139 (C.A. 8, 1945). In *United States* v. *City of Chester*, 144 F. 2d 415, 421–422 (C.A. 3, 1944), the Third Circuit, in holding that a special provision was not in irreconcilable conflict with a general provision and that the latter should prevail, said in part:

If Section 10 be deemed to be in irreconcilable conflict with subparagraph (b) of Section 1, the latter must prevail. A specific statutory provision must be

considered to be controlling over a general one unless the statute as a whole demonstrates a contrary intention, not demonstrated by the Act sub judice. * * * It is our duty to reconcile the respective sections of the Lanham Act, if it is possible to do so. We think that the provisions of Section 10 are not irreconcilable with those of Section 1(b) or of the Act as a whole * * *

Section 162 is not in conflict with section 163. The two sections merely "overlap" insofar as the interest in question constitutes an ordinary and necessary expense in carrying on petitioner's business.

We hold that petitioner has met the 15-percent test provided for in section 542(c)(9) and that petitioner is not a "personal holding company" as that term is defined in section 542(a) of the 1954 Code.

*Decision will be entered for the petitioner.*