Western States Investment Corporation v. Commissioner.
Western States Inv. Corp. v. Commissioner
Docket No. 94996.
United States Tax Court
T.C. Memo 1963-245; 1963 Tax Ct. Memo LEXIS 97; 22 T.C.M. (CCH) 1234; T.C.M. (RIA) 63245; September 11, 1963
Elvin J. Vandeberg, for the petitioner. Richard H. M. Hickok, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined deficiencies in personal holding company taxes for the taxable years 1954, 1956, 1957, 1958 and 1959 in the amounts of $8,448.21, $17,874.38, $13,764.23, $22,201.28 and $13,783.70, respectively. The total deficiencies determined by respondent in his statutory notice of deficiency for the years 1957 and 1958 were $14,248.82 and $24,763.62, respectively. In addition, respondent determined an addition to tax of $422.41 for 1954 under section 6651(a), Internal Revenue Code of 1954, which respondent now concedes. The only issue is whether petitioner was, during the years in issue, a personal holding company within the provisions of section 542, Internal Revenue Code of 1954. [1]
All of the facts have been stipulated and they are found accordingly. Western States Investment Corporation, hereinafter *99 sometimes called the petitioner, is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Tacoma, Washington. It is engaged in the business of lending money secured by mortgages on automobiles, house trailers and similar items and of purchasing contracts on automobiles, house trailers and similar items. During the period involved herein petitioner kept its books and prepared its income tax returns on a calendar year basis and on the cash method of accounting. It filed its Federal income tax return, Form 1120, for the taxable years 1954 and 1956 through 1959 with the district director of internal revenue in Tacoma, Washington. The average monthly balances of the petitioner's loans and contracts receivable for the year 1954, and for the years 1956 through 1959, were as follows: Year
Amount
1954
$160,715.15
1956
283,079.45
1957
356,874.96
1958
413,601.09
1959
448,939.67
Since petitioner had insufficient capital to handle the volume of financing set out above, it obtained the necessary funds through commercial borrowing. The average monthly balance of the petitioner's loans payable for the *100 year 1954, and for the years 1956 through 1959, was as follows: Year
Amount
1954
$ 84,916
1956
225,416
1957
275,000
1958
310,416
1959
331,250 Substantially all of the money was borrowed from the Bank of California, N. A. of Tacoma, Washington. For the year 1954, and the years 1956 through 1959, the petitioner's interest income, interest expense (or paid interest charges on funds borrowed as set forth above), other deductions and net profit were as follows: Interest
Interest
Other De-
Net
Year
Income
Expense
ductions
Profit
1954
$17,278.89
$ 2,556.65
$187,43
$14,534.81
1956
38,919.45
7,264.97
902.24
30,752.24
1957
35,999.78
12,187.51
861.20
22,951.07
1958
49,738.12
10,706.87
609.97
38,421.28
1959
40,705.72
16,651.68
552.03
23,502.01
Section 542(a) and following subsections define a personal holding company and set forth the income and stock ownership that will constitute a corporation a personal holding company. Section 542(c) provides, in part: (c) Exceptions. - The term "personal holding company" as defined in subsection (a) does not include - * * *
(9) a finance company, actively and *101 regularly engaged in the business of purchasing or discounting accounts or notes receivable or instalment obligations, * * *
provided that the deductions allowable under section 162 (relating to trade or business expenses), other than compensation for personal services rendered by shareholders * * * constitute 15 percent or more of the gross income, * * *. Paragraph 14 of the stipulation filed by the parties here states: 14. The sole issue in controversy is whether for the purposes of section 542(c)(9) of the Internal Revenue Code of 1954 the interest paid by the petitioner is an allowable deduction under section 162 of the Internal Revenue Code of 1954 or is only allowable under section 163 of the Internal Revenue Code of 1954. If for the purposes of section 542(c)(9) of the Internal Revenue Code of 1954 the interest paid by the petitioner is an allowable deduction under section 162, the petitioner is not a personal holding company. If, however, for the purposes of section 542(c)(9) of the Internal Revenue Code of 1954 the interest paid by the petitioner is *102 an allowable deduction only under section 163 of the Internal Revenue Code of 1954, then petitioner is a personal holding company in the year 1954, and the years 1956 through 1959, inclusive. The precise issue presented here was before this court in McNutt-Boyce Co., 38 T.C. 462 (1962), on appeal (C.A. 5 Sept. 18, 1962). There a finance company borrowed funds to carry on its business and the interest on such borrowings exceeded 62 percent of its gross income. There as here, respondent argued the interest paid by the finance company was a deduction specifically allowable as "interest paid" under section 163, and such interest payments were not "deductions allowable under section 162 (relating to trade or business expenses)" within the provisions of section 542(c)(9) We decided the issue in favor of the taxpayer holding that interest on funds that were borrowed to carry on the finance business, although specifically deductible under section 163, was also deductible under section 162 as an ordinary and necessary expense of carrying on the finance business. We therefore held that the taxpayer met the requirements qualifying it for the exception to *103 the definition of a personal holding company set forth in section 542(c)(9). Respondent makes no attempt to distinguish McNutt-Boyce Co., supra.He does argue the decision there reached does not carry out the legislative intent of the holding company statute as indicated by its legislative history. [2] There is nothing in the legislative history that convinces us Congress intended what respondent argues. We did not refer to legislative history in our opinion in McNutt-Boyce Co., supra, but we did say: "[in] our opinion, Congress fully intended to except a finance company from classification as a personal holding company" if, in effect, the interest it pays on business loans is, together with other deductions under section 162, 15 percent of its gross income.
The instant case is clearly ruled by our opinion in McNutt-Boyce Co., supra. It follows therefore that petitioner was not a personal holding company during the years involved since it meets the 15 percent test of section 542(c)(9). To give effect to concessions made by the parties Decision will *104 be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Respondent cites H.R. 2701, Conference Committee Report, 81st Cong., 2d Sess.↩