AUDREY REALTY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5076–66.    Filed July 18, 1968.

*Philip M. Hak*, for the petitioner.
*Lawrence A. Wright*, for the respondent.

OPINION

TIETJENS, *Judge:* The Commissioner determined a deficiency of $7,745.07 in income tax against petitioner for the taxable year ending December 31, 1964.

The basic question is whether or not petitioner was a "personal holding company" in 1964. In the present context this depends upon whether petitioner, which conducted a loan business, the loans of which were secured by real estate mortgages, could properly deduct interest paid in the amount of $4,448.93 for the purpose of determining whether petitioner's business deductions exceeded 15 percent of its ordinary gross income. If this interest was properly deductible, petitioner was not a personal holding company because excepted by section 542(c)(6)(C), I.R.C. 1954. This section excepts a lending or finance company from the term "personal holding company" if the sum of the deductions directly allocable to the active and regular conduct of its lending or finance business exceeds 15 percent of its ordinary gross income. (There are other requirements not here pertinent.)

All of the facts are stipulated and are so found.

Audrey Realty, Inc., the petitioner, was organized as a Rhode Island corporation on December 29, 1959, and maintained its principal office in Pawtucket, R.I., at the time of the filing of the petition herein. The petitioner filed a timely Federal corporation income tax return for the year 1964 with the district director of internal revenue at Providence, R.I.

The petitioner has maintained its records and filed its Federal income tax return on the accrual basis with filing at the end of each year.

The petitioner conducts a loan business, and its loans are of the type that are secured by mortgages on real estate. The petitioner borrows money from a bank or banks to obtain funds to make the loans. Thus, the income of the petitioner is from the interest that it received from the borrowers.

For the year 1964, the petitioner paid to the Industrial National Bank of Rhode Island the sum of $4,448.93 as interest on money that it had borrowed from said bank. The money borrowed went to making loans.

To sustain its position petitioner relies entirely on *McNutt-Boyce Co.*, 38 T.C. 462, affirmed per curiam 324 F. 2d 957 (C.A. 5, 1963), which involved similar facts and where we held that the interest paid was a deduction allowable under section 162 as that phrase was used in then section 542(c)(9), I.R.C. 1954,[1] and the deductions being more than 15 percent of gross income as that phrase was used in section 542(c)(9), the taxpayer was within the "exceptions" to the term "personal holding company" as defined in section 542(a), I.R.C. 1954.

---

[1] The statute in effect at the time of the decision in *McNutt-Boyce Co.*, 38 T.C. 462, provided in part (sec. 542(c)(9)):

provided that the deductions allowable under section 162 (relating to trade or business expenses), other than compensation for personal services rendered by shareholders (including members of the shareholder's family as described in section 544(a)(2)), constitute 15 percent or more of the gross income, * * *.

As pointed out by the Commissioner, the trouble with petitioner's argument is that section 542 has subsequently been amended by the Revenue Act of 1964, the amendment being applicable to the year under consideration.[2]

As amended, section 542(d)(2)(A) now provides:

(2) BUSINESS DEDUCTIONS.—For purposes of subsection (c)(6)(C), the deductions which may be taken into account shall include only—

(A) deductions which are allowable *only* by reason of section 162 or section 404, except there shall not be included any such deduction in respect of compensation for personal services rendered by shareholders (including members of the shareholder's family as described in section 544(a)(2)), * * *. [Emphasis supplied.]

That this amendment expressly limits business deductions for the purpose at hand to those *only* allowable under section 162 or section 404 is strongly borne out by legislative history. In the House Technical Explanation the following statement appears:

Subparagraph (A) of section 542(d)(2) includes those deductions which are allowable only by reason of section 162 or section 404 of the code, but excludes those deductions allowable by such sections in respect of compensation for personal services rendered by shareholders (including members of the shareholder's family as described in sec. 544(a)(2)). The effect of this subparagraph is to *exclude, for purposes of the business-expense test,* deductions which are allowable under section 162 (or sec. 404) and under other provisions, *such as interest which is specifically allowable as a deduction under section 163.* [Emphasis supplied.]

H. Rept. No. 749, 88th Cong., 1st Sess. p. 82 (1963). See also H. Rept. No. 749, p. A92 (1963).

In view of these statutory changes, *McNutt-Boyce Co., supra,* is no longer applicable. The Commissioner's determination is sustained.

*Decision will be entered for the respondent.*

---

[2] See sec. 225(1)(1), Revenue Act of 1964, 78 Stat. 94.