35 F.3d 574
 74 A.F.T.R.2d 94-6253
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jean D. TRUE; H.A. True, Jr.; H.A. True, III; Karen S.
True; Diemer D. True; Susan L. True; David L.
True; Melanie A. True, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-8092.
 United States Court of Appeals, Tenth Circuit.
 Aug. 26, 1994.
 
 Before MOORE, SETH, and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiffs in these consolidated cases appeal from a summary judgment motion in favor of the government. They seek an income tax refund claiming the IRS improperly calculated their alternative minimum tax. They contend the correct computation permits them to fully deduct as a business expense interest paid on income tax deficiencies relating to their various business entities. According to their treatment of the interest, plaintiffs owe no alternative minimum tax. Finding no legal support for that position, we affirm.
 
 
 2
 H.A. True, Jr.,[2] his wife, and three of their children are owners of numerous ranching and energy-related businesses operated as partnerships and S corporations. In 1986, the IRS advised taxpayers to pay disputed tax deficiencies and associated interest because, after 1986, interest on most tax deficiencies would not be fully deductible. Accordingly, in 1986, plaintiffs (the business owners and their spouses) paid, for various previous tax years, contested taxes and penalty interest relating "nearly exclusively" to their businesses. On their 1986 individual income tax returns, plaintiffs fully deducted these interest payments from gross income as a business expense. The IRS disallowed these "above the line" deductions, but allowed plaintiffs to deduct the interest "below the line" from their adjusted gross incomes. The IRS's treatment of the 1986 interest payments did not change plaintiffs' regular tax liability but created alternative minimum tax liability which plaintiffs believed they did not owe. Plaintiffs paid the disputed alternative minimum tax and associated interest. They sought a refund of this money from the IRS, which denied the claim, and then filed this action in the district court. On cross-motions for summary judgment, the district court granted judgment to the government.
 
 
 3
 The district court determined the tax code classifies the 1986 interest payments as a personal rather than a business expense. The court asserted a sole proprietor could deduct this interest as a personal business expense. However, unlike the situation with sole proprietorships, partnerships and S corporations are separate entities from partners and shareholders for the purpose of characterizing income and deducting business expenses. Therefore, if the interest payments are a business expense, the deduction would occur on the partnership or corporate level before the determination of the distributive shares of the businesses' incomes.[3] Plaintiffs must endure the consequences of their choice of business form. Because they own shares of partnerships and S corporations, their 1986 interest payments are personal deductions.
 
 
 4
 Plaintiffs argue they have no alternative minimum tax liability. They claim the interest payments represent a business expense because the complexity of income tax laws creates legitimate disputes about the amount of tax owed, and, thus, deficiency interest is an ordinary and necessary expense of operating a business. They argue when deficiency interest is deducted as a business expense from gross income to arrive at adjusted gross income, the starting point for calculating alternative minimum tax, no alternative minimum tax liability occurs. To support their contention the interest constitutes a business expense, plaintiffs argue a sole proprietor could deduct this interest as a business expense; therefore, equity demands partners and S corporation shareholders receive the same tax treatment. Pointing to cases involving legal fees and employee benefits, plaintiffs assert partners may deduct personally-paid partnership-related expenses as business expenses. Furthermore, because partnerships and S corporations pass their tax liability onto their owners rather than pay taxes themselves, plaintiffs point out these entities cannot account for deficiency interest in determining distributable income. The partners and shareholders, therefore, may deduct deficiency interest attributable to the entities as a business expense on their individual returns.
 
 
 5
 The government argues the interest payments are a personal rather than a business expense. Partnerships and S corporations are entities separate from their owners for the purposes of calculating income and deductions. Therefore, if the 1986 interest represents a business expense, the expense and deduction belong to the partnership or corporate entities. However, because partnerships and S corporations have no federal income tax liability, they bear no responsibility for interest on unpaid taxes and, thus, they cannot consider penalty interest a business expense. The government adds, contrary to the district court's conclusion, sole proprietors generally cannot deduct deficiency interest as a business expense because deficiency interest does not constitute an ordinary and necessary expense of operating a business.[4] Penalty interest constitutes the cost of not paying the correct amount of taxes and not the cost of producing the taxable income. Therefore, a sole proprietor, like an employee, cannot deduct this interest as a business expense and neither can partners and S corporation shareholders.
 
 
 6
 We review de novo a grant of summary judgment. Phillips Petroleum Co. v. Lujan, 4 F.3d 858, 860 (10th Cir.1993) (citation omitted). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 7
 The alternative minimum tax imposes additional income taxes on individual taxpayers for whom a portion of their alternative minimum taxable income exceeds their regular tax liability. I.R.C. 55(a).[5] Adjusted gross income serves as the starting point for calculating alternative minimum taxable income and, thus, the alternative minimum tax. I.R.C. 55(b). To determine adjusted gross income, a taxpayer lessens gross income by several "above the line" deductions including allowable deductions "attributable to a trade or business carried on by the taxpayer" if the trade or business does not amount to the taxpayer's services as an employee. I.R.C. 62(1). The code defines business expenses as "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business." I.R.C. 162(a). An individual taxpayer reduces adjusted gross income by enumerated items, including a limited amount of qualified interest, as part of the computation of alternative minimum taxable income. I.R.C. 55(b)(1), (e)(1)(D), (e)(3). The denouement of these statutory machinations is a taxpayer calculating alternative minimum tax liability can fully deduct interest that constitutes a business expense. However, he or she cannot fully deduct any other interest to the extent it exceeds the cap on qualified interest.
 
 
 8
 The deficiency interest paid by plaintiffs exceeded the amount they were entitled to deduct as qualified interest; thus, plaintiffs may only fully deduct the deficiency interest if it constitutes a business expense. We conclude the penalty interest represents a personal expense because the obligation to pay taxes is personal to plaintiffs.
 
 
 9
 With a few exceptions inapplicable to this controversy, partnerships and S corporations calculate and report their taxable income in the same manner as individual taxpayers, but these entities do not incur tax liability.[6] I.R.C. 701, 703, 1363(a), 1363(b), 6031(a), 6037(a). Instead, the partners and shareholders pay taxes on their shares of the partnerships' and S corporations' various items of income, gain, loss, deduction and credit. I.R.C. 701, 702(a), 1366(a).[7] A partner or shareholder's individual obligation to pay taxes also includes the personal responsibility to pay any tax deficiency arising from incorrect returns and the associated penalty interest. Because the duty to pay penalty interest is personal to the individual partner or shareholder, penalty interest cannot constitute a business expense.[8]
 
 
 10
 Plaintiffs, having chosen to operate their businesses as partnerships and S corporations, bear personal responsibility for tax deficiencies and the associated interest attributable to their businesses. As a result, they cannot deduct the penalty interest they paid in 1986 from gross income as a business expense pursuant to I.R.C. 62(1). Plaintiffs, therefore, are not entitled to a refund of their alternative minimum tax. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. True died during the course of this litigation. As personal representatives of his estate, his wife and the three of his children involved in this case have been substituted as parties for Mr. True
 
 
 [3]
 The court noted the irony that the corporations and partnerships cannot deduct the 1986 interest payments because they have no obligation to pay taxes or interest on tax deficiencies
 
 
 [4]
 The government goes on to contend an individual taxpayer can never deduct deficiency interest from gross income as a business expense
 
 
 [5]
 Citations to the tax code refer to the amended provisions of the 1954 code effective in 1986
 
 
 [6]
 Certain circumstances not relevant here will result in tax liability for an S corporation. See I.R.C. 1363(a)
 
 
 [7]
 The Supreme Court has noted a partnership is a separate entity from its partners for the purpose of calculating and reporting its income but has no bearing on the partners' individual tax liability for the partnership's income. United States v. Bayse, 410 U.S. 441, 448 (1973)
 
 
 [8]
 In advocating their opposing arguments, plaintiffs and the government have suggested Commissioner v. Polk, 276 F.2d 601 (10th Cir.1960), disposes of this controversy. In Polk, we considered whether interest paid on a tax deficiency arising from an individual's livestock business qualified as a deduction "attributable to the operation of a trade or business" to compute a net operating loss under 122(d)(5) of the 1939 tax code. To determine the interest's deductibility, the court examined whether the interest fell within the category of ordinary and necessary business expenses deductible from gross income as provided in 23(a)(1)(A) of the 1939 code, the precursor to 162(a). Polk, 276 F.2d at 602. The court noted the facts of each case determine whether penalty interest qualifies as ordinary business expenses. Id. at 603. Generally, interest on a deficiency assessment is not an ordinary by-product of business operations and is not deductible. Id. However, deficiency interest may be deducted where the nature of the business leads to the expectation that on numerous occasions a taxpayer acting in good faith to evaluate inventories, which form a part of his or her return, will nevertheless fail to evaluate them properly. Id. at 603 & n. 1. The court concluded the taxpayer's livestock business fit this exception because "qualified minds" may differ over the valuation of livestock. Id. at 603
 We believe, as did the panel presiding in Polk, that Polk settled a unique controversy. The parties have not presented any facts nor can we imagine another situation in which penalty interest would be an ordinary and necessary expense of operating a trade or business. Furthermore, Polk has no relevance here because it involved a taxpayer operating a sole proprietorship rather than a partnership or S corporation.