Filed April 15, 1896.

---

No. 16,726.

BREWER, AUDITOR, v. McCLELAND.

ELECTIONS.—*Registration Law, When Unconstitutional.— Imposing Burdens Upon one Class of Citizens not Borne by Others.*—A registration law requiring a resident who shall have absented himself from the State for a period of six months or more since last so voting, or who shall have gone into any other State or Sovereignty with the intention of voting therein since last so voting, or during any absence in another State or Sovereignty shall have voted therein since last so voting, and also any person who shall not have been a *bona fide* resident of the county in which he resides at least six months before any such election, to register in the office of the clerk of the circuit court of the county in which he resides, at least 59 days prior to election, a notice that he claims to be a legal voter of such county, before being entitled to vote, is unconstitutional and void, as being in conflict with sections 2 and 4, of Article 2 of the State constitution relating to qualifications of electors as regards age and residence, as imposing burdens upon one class of citizens not borne by others.

From the Hendricks Circuit Court.

*A. G. Smith*, Attorney-General, and *A. C. Harris*, for appellant.

*E. G. Hogate* and *J. L. Clark*, for appellee.

COFFEY, J.—An act of the General Assembly, approved March 9, 1891, Acts of 1891, p. 350, provides

that "Any person who, having been a resident of Indiana, and a qualified voter therein at any general election, shall have absented himself from the State for a period of six months or more since last so voting, or who shall have gone into any other State or Sovereignty with the intention of voting therein since last so voting, or during any absence in another State or Sovereignty, shall have voted therein, since last so voting, and also any person who shall not have been a *bona fide* resident of the county in which he resides at least six months before any election, shall, before being entitled to vote at such election in this State, register in the office of the clerk of the circuit court of the county in which he resides, a notice that he claims to be a legal voter in such county. Such registration shall be made at least fifty-nine days prior to any such election, and the notice shall state such person's name, age and place of residence  *  * both at the time of registration and during the period of four months prior thereto.  *  *  * On the filing of any notice, as provided for in this section, it shall be the duty of such clerk to enter the name and residence of said elector and date of filing of said notice in a book furnished for said purpose, to be open at all times to the inspection of the public, and safely preserve said original notice, and deliver a certified copy of the same to the elector so registering; and on demand of any challenger or member of election board · such elector shall be required to produce the same before being allowed to vote.  *  * Any person violating the provisions of this section  *  * shall be guilty of a felony," punishable by imprisonment and disfranchisement.

Assuming to act under the provisions of this law, the clerk of the Hendricks Circuit Court purchased the blanks necessary to carry out its requirements, for

the cost of which the board of commissioners of that county made an allowance. This suit was instituted by the appellee against the appellant, as the auditor of the county, to enjoin him from drawing his warrant on the county treasurer for the payment of the allowance, on the ground that the act of the general assembly above referred to violates the constitution of the State and is, therefore, void. The circuit court overruled a demurrer to the complaint, and the appellant failing and refusing to plead further, a decree was entered forever enjoining the appellant, as auditor of the county, from drawing his warrant for the payment of such allowance.

It is assigned as error here that the circuit court erred in overruling the demurrer of the appellant to the complaint.

It will be seen, therefore, that the only question before us relates to the constitutionality of the law, the main provisions of which are set out above.

Section 2, Art. 2, of the constitution of the State, defines the qualifications of the electors of the State. It provides, among other things, that every male citizen of the United States of the age of twenty-one years and upwards, who shall have resided in the State during the six months, and in the township sixty days, and in the ward or precinct thirty days, immediately preceding the election, shall be entitled to vote in the township or precinct where he may reside.

Section 4, Art. 2, provides that "no person shall be deemed to have lost his residence in the State by reason of his absence, either on business of this State or of the United States;" and section 1, Art. 1, provides that "All elections shall be free and equal."

Section 14, Art. 2, provides for a general registration law.

It is conceded by the attorney-general, as well as

by the other counsel for the appellant, that under the several constitutional provisions above referred to, the act of the general assembly now under immediate consideration cannot stand without a modification of the ruling of this court in the case of *Morris* v. *Powell,* 125 Ind. 281. It is claimed that the dissenting opinion of Mitchell, J., in this case expresses the rule by which we should be governed in determining the constitutionality of the law now before us, but after a careful reading of that able opinion, we are still of the opinion that it is faulty, in that it ignores the insurmountable objection that the Legislature has no power to divide the electors of the State into classes and impose upon one class burdens not borne by all alike.

In the opinion written by Olds, J., in that case, in which all the judges, except Mitchell, concurred, it was said: "Indeed, it seems to us to be beyond controversy that if the present act can be upheld, aimed as it is at a class of traveling men, and men whose business, either of a public or private character, or ill health, may take from the State six months, and persons who may be required to move from one county to another to obtain employment, within six months preceding an election, and imposing, as it does, a burden upon this class of citizens, which is imposed upon none other, then the Legislature may enact a valid law relating to any class, designating them by nationality, place of birth, religious belief, professional, or business pursuits, and require them, and none other, to register."

So Elliott, J., in a separate opinion, in that case, in speaking of the law then under consideration, said: "It violates the constitution by assuming to classify voters into those who remain continuously in the State and those who temporarily absent themselves from it. Where the constitution makes a classifica-

tion, a different one cannot be made by the Legislature. Our constitution does make a classification, for it specifically provides who shall be eligible to vote. * * * The general assembly has no power to enact a law operating through a classification exclusively its own."

The law now under consideration is subject to most of the constitutional objections urged against the law of 1889. It assumes to classify the voters of the State, and to impose upon one class burdens not borne by the others. Indeed, it seems to have been enacted in the very face of the decision in the case of *Morris* v. *Powell, supra.* But little can be said in addition to what was said in that case in elaboration of the objectionable features of this law. All we desire to add is, that it cannot be demonstrated by any course of sound reasoning, that an election held under a law which imposes upon one class of citizens burdens not borne by others, is equal. So far as we are informed, all legislation in this State prior to 1889, intended to regulate elections, was general and applied alike to all the citizens of the State. Legislation like that we are now considering is a departure from the long established and approved practice in this State. It is plainly in conflict with our organic law and is, for that reason, void.

The court did not err in overruling a demurrer to the complaint in this case.

Judgment affirmed.

Filed Oct. 25, 1892; petition for rehearing overruled December 19, 1895.