## STATE OF INDIANA *v.* SHANKS.

[No. 22,168.   Filed October 17, 1912.]

1. CONSTITUTIONAL LAW.—*Constitution.—Statutes.*—The Constitution of the State is the supreme law, and all legislative enactments must be in conformity thereto and in harmony therewith. p. 333.

2. ELECTIONS.—*Qualification of Voters.—Statutes.—Constitutional Law.*—When the Constitution defines the qualification of voters, that qualification can neither be added to nor changed by legislative enactments.   p. 333.

3. ELECTIONS.—*Qualification of Voters.—Constitutional Provisions.*—The provisions of Art. 2, §1, of the Constitution (§83 Burns 1908) that all elections shall be free and equal, and Art. 2, §2 (§84 Burns 1908), providing that in all elections not otherwise provided for by the Constitution, every male citizen possessing the qualifications enumerated in said section and duly registered according to law shall be entitled to vote in the township or precinct in which he resides, apply to all elections, general or special.   p. 333.

4. ELECTIONS.— *Illegal Voting.— Statutes.— Construction.*— While §2561 Burns 1908, §2179 R. S. 1881, providing penalties for voting without possessing legal qualifications, is restricted by its language to apply to general elections, §2562 Burns 1908, §2180 R. S. 1881, provides penalties for "voting in wrong precincts" and is a definition of a separate and distinct offense, and, construed in its plain and ordinary meaning and with the view that the legislature intended to provide a general remedy indicated by the title of the act, it applies to all elections.   p. 333.

5. ELECTIONS.—*Local Option Elections.—Governed by General Election Laws.*—Under the "Proctor Law" (Acts 1911 p. 363, §10), providing that in all elections held thereunder, and in all matters and proceedings not therein otherwise specified, all provisions, including penalties, of the general election laws of the State shall apply as far as the same are applicable, it was intended that local option elections should be guarded and governed by the general election laws of the State.   p. 334.

6. STATUTES. — *Criminal Statutes. — Construction.* — The rule of strict construction of criminal statutes formerly prevailing has been so modified that the courts will look within the bounds of reason and common sense to the legislative intent when plainly manifested or expressed in the enactment.   p. 334.

7. STATUTES.—*Construction.—Repugnant Provisions.—Effect.*—The rule that statutes are to be construed so that full force and effect

shall be given to all parts thereof, must be applied in ascertaining wherein language which is specific necessarily comes in conflict with that which is general, and it is only when the repugnancy of special provisions to the general language is plainly manifest, after an effort to harmonize all the provisions of the statute by construing all parts together, that the legislative intent, as declared in the general enacting parts of the statute, is superseded. p. 335.

8. STATUTES.—*Construction.*—*Legislative Intent.*—The legislative intent, as expressed in the language used, must govern in the construction of all statutes, and it is the duty of the court to construe legislative enactments according to the natural and most obvious import of the language and without resorting to refined distinctions or forced constructions to limit or extend their operations. p. 335.

9. STATUTES.—*Construction.*—*Effect of Special Provisions of One Section on General Provisions of Another.*—When there is no repugnancy between two distinct and coordinate sections of the same statute, the language of the special provisions of one should not control the general provisions of the other, especially if the latter are in harmony with the purpose and scope of the statute as expressed in the title. p. 335.

From Fountain Circuit Court, *I. E. Schoonover,* Judge.

Prosecution by the State of Indiana against Moses Shanks. From a judgment quashing the affidavit, the State appeals. *Reversed.*

*Thomas M. Honan,* Attorney-General, *Claude B. Philpott, O. B. Ratcliff* and *V. E. Livengood,* for the State.

*O. P. Lewis* and *H. C. Yount,* for appellee.

SPENCER, J.—Appellee was charged by affidavit with violating the criminal laws providing penalties against corrupt voting. The court sustained a motion to quash the affidavit, and discharged appellee.

Error assigned and not waived is sustaining appellee's motion to quash the affidavit charging him with unlawfully and knowingly voting in a precinct and ward in which he did not reside. The affidavit was quashed on the grounds that the statute on which the prosecution was based restricted the offense charged to voting without legal qualifica-

tions in general elections, and not to local option or special elections held under the act commonly known as the Proctor Law (Acts 1911 p. 363.)

Appellant has conceded that the first count of the affidavit is bad, hence we will consider only the second count, which reads as follows: ''Orlando S. Douglass, being duly sworn, upon his oath says, that one Moses Shanks of Fountain County, in the State of Indiana, as affiant is informed and verily believes, on the First day of March, 1911, at and within Fountain County, in the State of Indiana, in the city of Covington, in said county, at a special election duly authorized by law then and there held in said city to vote on the question: 'Shall the sale of intoxicating liquors as a beverage be prohibited in said city?' did then and there unlawfully and knowingly vote and offer to vote at such special election at and in Precinct No. 3 and in Ward No. 3, in said city: whereas said Moses Shanks was not then and there a resident of said Ward No. 3, or said Precinct No. 3, in said city, but at such time resided in said county, outside of the corporate limits of said city, as the said Moses Shanks, then and there well knew, contrary to the forms of the statutes in such cases made, and provided and against the peace and dignity of the State of Indiana.''

The court sustained appellee's contention that there is no law at the present time to punish a person for voting in another ward or precinct than the one in which he resides, in local option elections held under the act of 1911, *supra*.

Section 2562 Burns 1908, §2180 R. S. 1881, reads: ''Whoever knowingly votes, or offers to vote, in any precinct or ward except the one in which he resides, shall be fined not more than five hundred dollars nor less than ten dollars, imprisoned in the county jail not more than one year nor less than one month, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period.''

The Constitution of Indiana (Art. 2, §2, being §84 Burns

1908) specifies the following qualifications for legal voters: "In all elections not otherwise provided for by this Constitution, every male citizen of the United States, of the age of twenty-one years and upward, who shall have resided in the State during the six months, and in the township sixty days, and in the ward or precinct thirty days, immediately preceding such election, and every male of foreign birth, of the age of twenty-one years and upwards, who shall have resided in the United States one year, and shall have resided in this State during the six months, and in the township sixty days, and in the ward or precinct thirty days, immediately preceding such election, and shall have declared his intention to become a citizen of the United States, conformably to the laws of the United States on the subject of naturalization, shall be entitled to vote in the township or precinct where he may reside, if he shall have been duly registered according to law." The Constitution (Art. 2, §1, §83 Burns 1908) further provides that "all elections shall be free and equal."

1. The Constitution of the State is the supreme law, and all acts passed by the legislature must be in conformity thereto, and in harmony therewith. "The principal is elementary that when the Constitution defines the qualification of voters, that qualification cannot be

2. added to nor changed by legislative enactments." *Morris* v. *Powell* (1890), 125 Ind. 281, 288, 25 N. E. 221, 9 L. R. A. 326. See, also, *Brewer* v. *McCleland* (1895), 144 Ind. 423, 32 N. E. 299, 17 L. R. A. 845. These

3. sections of the Constitution apply to all elections, general or special, and any elector possessing the above constitutional qualifications is entitled to exercise his right of suffrage.

4. Section 2561 Burns 1908, §2179 R. S. 1881, provides penalties for voting without possessing legal qualifications, and uses language restricting the section to apply to general elections.

Section 2562 Burns 1908, §2180 R. S. 1881, on which the affidavit in this case was founded, provides penalties for "voting in wrong precincts," which is a definition of a separate and distinct offense. The language of this section applies to all elections.

Appellee may have had all the legal qualifications of a voter, yet have voted unlawfully by voting in a different ward or precinct from the one in which he was a qualified elector. The restriction of the offense of voting without having the legal qualifications of a voter cannot be construed to be affected by a coördinate and yet an independent section providing and defining the offense of voting in any precinct or ward except the one in which the person resides. The latter section must be construed in its plain and ordinary meaning, and with the view that the legislature intended to provide a general remedy indicated by the title. Each of these sections is entirely independent of the other. Each defines a separate and independent offense, and the court should not read into one, words and phrases which are found only in the other section.

Special elections held under the act of 1911, *supra,* commonly known as "local option elections," are held in the usual places of holding general elections, and conducted in about the same manner. It is reasonable to say that the legislature intended that such special elections should be guarded and governed by the general election laws of the State.

Acts 1911 p. 363, §10, provides : "In all elections hereunder, and in all matters and proceedings not herein otherwise specified, all the provisions, including penalties, of the general election laws of the State shall apply as far as the same are applicable."

"While the rule of strict construction applies generally to the interpretation of criminal statutes, the excessively strict construction that formerly prevailed has in recent years been so modified as to look with-

in the bounds of reason and common sense to the legislative intent when plainly manifested or expressed in the enactment. Courts, on the one hand, refusing to hold those not clearly brought, within the scope of the statute, and, on the other hand, equally refusing, by radical refinement, or unreasonable or incongruous construction, to discharge those plainly within its scope." *State* v. *Goodwin* (1907), 169 Ind. 265, 267, 82 N. E. 459.

Statutes are to be construed so that full force and effect shall be given to all parts thereof, and this rule must be applied to ascertain wherein language which is specific, necessarily comes in conflict with other language which is general. The effort must, in the first instance, be to harmonize all the provisions of the statute by construing all parts together, and it is only when on such construction the repugnancy of special provisions to the general language is plainly manifest that the intent of the legislature, as declared in the general enacting parts of the statute, is superseded. The intention of the legislature, as expressed in the language used, must govern in the construction of all statutes, and it is the duty of the court to construe legislative enactments according to the natural and most obvious import of the language and without resorting to refined distinctions or forced constructions for the purpose either of limiting or extending their operations, and with an eye to the evils they are intended to remedy. When there is no repugnancy between two distinct and coördinate sections of the same statute, the language of the special provisions of one should not be allowed to limit or control the general provisions of the other, especially when such general provisions are in harmony with the purpose and scope of the statute as expressed in the title.

The court erred in sustaining appellee's motion to quash the second count of the affidavit. The judgment is reversed, with instructions to overrule appellee's motion to quash

the second count of the affidavit and for further proceedings not inconsistent herewith.

NOTE.—Reported in 99 N. E. 481. See, also, under (1) 8 Cyc. 775; (2) 15 Cyc. 281; (4) 15 Cyc. 442; (5) 15 Cyc. 363; (6) 36 Cyc. 1183; (7) 36 Cyc. 1128, 1130; (8) 36 Cyc. 1106; (9) 36 Cyc. 1118. As to irregularities in conducting elections, see 90 Am. St. 46; 83 Am. Dec. 749. As to power of a state to impose qualifications on voters, see 97 Am. Dec. 263.