## STATE OF INDIANA v. BEDFORD.

[No. 23,031.    Filed May 29, 1917.]

1. ELECTIONS.— *Corrupt Practices.— Statutes.— Application.—* The Corrupt Practices Act, §7111a *et seq.* Burns 1914, Acts 1913 p. 489, applies to local option elections.    p. 298.

2. ELECTIONS.— *Corrupt Practices.— Statutes.— Construction.— Indictment.—Sufficiency.—*Under §7111k Burns 1914, Acts 1913 p. 502, providing that every person who shall receive, request or solicit for any person any money or thing of value for the purpose of inducing any person to vote, or refrain from voting, for or against any person or measure at any election, and that every person who, in consideration of any money or thing of value paid or promised, to the advantage of himself or any other person, shall vote, or refrain from voting, for or against any person or measure, shall be guilty of corrupt practices, an indictment charging merely that the accused, in consideration of money received by him, voted at a special local option election is fatally defective for failure to allege that the money was received for the purpose of inducing the defendant to vote, or to refrain from voting, for or against the proposition submitted to the electors, it being immaterial, if the money were so received by the accused, which way he voted or whether he voted at all.    p. 298.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against William Bedford, Jr.    From a judgment sustaining a motion to quash the indictment, the State appeals.    *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, and *M. L. Pigg,* for the State.

*John W. Lindley* and *Walter F. Wood,* for appellee.

ERWIN, C. J.—This was a prosecution against appellee charging him with corrupt practices in violation of §7111k Burns 1914, §7, Acts 1913 p. 502, at a "local option" election held in Sullivan county. The court below sustained a motion to quash the indictment, and

from a judgment discharging appellee, the State appeals.

The charging part of the indictment under consideration is as follows: That appellee "did then and there unlawfully and feloniously, for and in consideration of money, gift, advantage, preferment, aid, emolument and thing of value, to wit: Fifty ($0.50) cents, paid to the said William Bedford Jr., by Ben F. Whittington and received and accepted by the said William Bedford Jr., to the advantage of said William Bedford Jr., did then and there vote at a certain special ·election and upon a certain measure at said election, said election being known as a local option election and held pursuant to the laws of the State," etc.

The main question presented in this appeal is, Does the Corrupt Practices Act of 1911 (Acts 1911 p. 288) and the amendments thereto (Acts 1913 p. 489,

1. §7111a.*et seq.* Burns 1914) apply to local option elections. It has been held by this court that these acts apply to· such elections. *State* v. *Fairbanks* (1917), —— Ind. ——, 115 N. E. 769, and cases therein cited.

The only other specification to the motion to quash is that the indictment does not allege that appellee was influenced in any way, by the payment of the

2. money, to vote for or against the proposition submitted. The section of the statute defining corrupt practices and on which this charge is based reads as follows: "Every person who shall, directly or indirectly receive, accept, request or solicit for any person, candidate, committee, association, organization or corporation, any money, gift, advantage, preferment, aid, emolument, or any valuable thing whatsoever, for the purpose of inducing or procuring any person to vote, or refrain from voting, for or against any person, or for or against any measure or proposition at any elec-

tion or primary election or political convention. Every person who, in consideration of any money, gift advantage, preferment, aid, emolument, or any valuable thing whatsoever, paid, received, accepted, or promised to the advantage of himself or any other person, shall vote, or refrain from voting for or against any person, or for or against any measure at any such election, caucus or primary election or political convention." Acts 1913 p. 489, 502, *supra*.

If money were paid to and received by appellee for the purpose of inducing him to vote at the election referred to, it is immaterial which way he voted, or whether he voted at all. The gist of the offense is the receiving of the money for the purpose of inducing him to vote. The object sought by the legislature in the enactment of the statute was to prevent the use of money in elections or to influence voters by any of the inducements enumerated in the section above quoted. *State* v. *Shanks* (1912), 178 Ind. 330, 335, 99 N. E. 481. For failure to aver that appellee received the money for the purpose of inducing him to vote *for* the proposition, or to vote *against* the proposition, the indictment is insufficient. *State* v. *McCrocklin* (1917), ante 277, 115 N. E. 929. Judgment affirmed.

NOTE.—Reported in 116 N. E. 423. Bribery of voters as an offense, 97 Am. Dec. 716.