**James E. RHUDE and Joan J. Rhude, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 5–83 Civ 195.**

United States District Court, D. Minnesota, Fifth Division.

Aug. 1, 1984.

Johnson, Fredin, Killen, Thibodeau & Seiler, P.A. by Conrad M. Fredin, Duluth, Minn., for plaintiffs.

U.S. Dept. of Justice by Mary Frances Clark, Washington, D.C., for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court upon cross-motions for summary judgment. Both parties agree that there is no genuine issue of material fact in dispute. A stipulation of facts has been agreed upon and filed. That stipulation is incorporated in this order by reference.

This action is one for refund of federal income taxes for the 1973 tax year. Plaintiffs challenge their liability for the minimum tax on a tax preference item of their share of a $97,487 percentage depletion deduction of Rhude & Fryberger Inc., a Subchapter S Corporation. While the complaint claims a refund owing of $18,616, only $2,038 of this amount is still in controversy.

Plaintiffs make two arguments in support of their motion for summary judgment. They first make a statutory objection, arguing that the amount of $2,038 was erroneously and illegally collected under the statutory framework because it was a tax imposed on these taxpayers for the income of another person. Plaintiffs argue that § 56 of the Internal Revenue Code, 26 U.S.C. § 56(a), creates a minimum tax "with respect to the income of every person." Plaintiffs agree that § 57 of the Code, 26 U.S.C. § 57(a)(8), includes percentage depletion as an item of tax preference. Plaintiffs also agree that § 58 of the Code, 26 U.S.C. § 58(d)(1), requires that the items of tax preference of an electing small business corporation shall be treated as items of tax preference of the shareholders of such corporation. While plaintiffs agree that these three sections appear to impose on the taxpayers a potential minimum tax for a portion of the percentage depletion deduction of Rhude & Fryberger, they argue that the government cannot impose a minimum tax on the individual shareholders for the percentage depletion deduction of the Subchapter S Corporation unless the government can also show that the taxpayers received income relating to that tax preference item. Plaintiffs argue that § 1373 of the Code, 26 U.S.C. § 1373(b), clearly limits the shareholders' income from a Subchapter S Corporation to the undistributed taxable income of the corporation. Since the increased earnings and profits resulting from the percentage depletion deduction are not a part of the undistributed taxable income received by the Subchapter S shareholders, plaintiffs argue that the taxpayers have not received income resulting from the percentage depletion deduction. Thus, plaintiffs argue that the $2,038 was illegally collected from them because it was a tax imposed on the taxpayers for the income of another person.

As part of their statutory objection, the taxpayers also argue that the minimum tax is not to be imposed in cases where there is no tax benefit to the taxpayer. Since the percentage depletion deduction belonged to Rhude & Fryberger and was not passed through to the taxpayers, plaintiffs argue that in addition to receiving no income from the percentage depletion deduction, they received no tax benefit from that deduction. Plaintiffs note that Congress has now changed the law to avoid the precise result achieved in this case.

In addition to their statutory objection, plaintiffs raise a constitutional objection to the collection of the minimum tax. Plaintiffs argue that the amount of $2,038 was erroneously and illegally collected since it was not a tax on the income of the taxpayers and therefore was unconstitutional. Plaintiffs acknowledge that the courts have generally been expansive in their interpretation of what constitutes income. In fact, plaintiffs quote case law noting that, "It is recognized that income may include virtually any economic benefit received by the taxpayer." *Graff v. Commissioner*, 74 T.C. 743, 766 (1980). Plaintiffs basically repeat their argument that they have re-

ceived no income from the Subchapter S Corporation's depletion deduction nor have they received a tax benefit from those deductions. While plaintiffs recognize that there are a number of cases that have held the minimum tax to be constitutional, they argue that none of those cases discusses the particular issue before this court. Plaintiffs claim that all of those other cases found income only under the particular facts confronting the court.

The defendant in its motion for summary judgment argues that plaintiffs have received a tax benefit from the depletion deduction in reporting their pro rata share of the income of Rhude & Fryberger. Defendant notes that the taxable income of Rhude & Fryberger was reduced by the depletion deduction. In choosing to do business as a Subchapter S Corporation, plaintiffs are required to report their share of the undistributed taxable income of Rhude & Fryberger. Defendant argues that the concept of earnings and profits is not germane to this case. Defendant notes that Subchapter S Corporations are not taxed on earnings and profits and if distributions are made to shareholders out of earnings and profits, the shareholders would then be taxed on those dividends. Since the depletion deduction reduced the taxable income and thus the undistributed taxable income of the Subchapter S Corporation passed through to the shareholders, it is clear that the shareholders have received an economic benefit from that deduction and are subject to the provisions of the minimum tax.

Plaintiffs' counsel at oral argument presented the court with a hypothetical in an attempt to illustrate the lack of tax benefit or income to the taxpayer. Plaintiffs' counsel postulated a Subchapter S Corporation with $100,000 gross income, $30,000 net income and $15,000 in percentage depletion deductions. Counsel further assumed that the taxpayer was the sole shareholder. Plaintiffs' counsel assumed that the taxpayer would pay tax on the $30,000 as undistributed taxable income absent the depletion deduction. Given the presence of the depletion deduction, plain-

tiffs' counsel agreed that the taxpayer would pay tax on only $15,000. Thus, plaintiffs' counsel conceded that the shareholder would pay tax on a smaller amount given the depletion deduction. Nonetheless, plaintiffs' counsel continued to maintain that the taxpayer had not received a tax benefit. Defendant's counsel expressed understandable confusion at this explanation. Defendant's counsel noted that plaintiffs' very example proved that the presence of the depletion deduction lowered the Subchapter S Corporation's taxable income and thus the undistributed taxable income passed through to the shareholder, thereby lowering the individual taxpayer's taxes. While defendant's counsel conceded that the taxpayer did not get the extra $15,000 in his or her hands, defendant's counsel maintained that the taxpayer had nonetheless received a tax benefit and therefore was required to pay the minimum tax.

The court finds that there are no genuine issues of material fact in dispute. The court further finds that plaintiffs are liable for the minimum tax of $2,038 generated by the tax preference items of the Subchapter S Corporation, Rhude & Fryberger. Plaintiffs' argument that they are being taxed on the income of another person is simply not persuasive given the status of a Subchapter S Corporation. Plaintiffs' argument that they have not received a tax benefit from the percentage depletion deduction allowed the Subchapter S Corporation is simply unfounded. *See, e.g., Kolom v. Commissioner of Internal Revenue,* 644 F.2d 1282, 1287 (9th Cir.1981) (finding economic benefit upon exercise of stock option and therefore upholding minimum tax as constitutional). The court finds that payment of the $2,038 owed as minimum tax is consistent with the statutory scheme and is not unconstitutional. Accordingly, summary judgment for the defendant will be granted.

IT IS HEREBY ORDERED That plaintiffs' motion for summary judgment be denied.

IT IS FURTHER ORDERED That defendant's motion for summary judgment be granted.

IT IS FURTHER ORDERED That defendant's motion for costs be denied.

IT IS FINALLY ORDERED That the clerk enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That plaintiffs' complaint be and the same hereby is dismissed with prejudice.