**James E. RHUDE, and Joan J. Rhude, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 84–5172.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided Sept. 5, 1985.

Conrad M. Fredin, Duluth, Minn., for appellant.

Robert S. Pomerance, Justice Dept., Washington, D.C., for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and SACHS,* District Judge.

LAY, Chief Judge.

James E. Rhude is a shareholder in Rhude & Fryberger, Inc., a mining corporation located in northern Minnesota. The corporation has elected subchapter S status; taxpayers now challenge their liability on their 1973 joint return for the minimum tax, see 26 U.S.C. § 56 (1970), on a tax preference item consisting of their share of a $97,487 percentage depletion deduction, see 26 U.S.C. §§ 611, 613 (1970), taken by Rhude & Fryberger, Inc. The taxpayers timely filed their 1973 income tax return and subsequently filed a refund claim which in relevant part was disallowed. Suit was filed in the United States District Court for the District of Minnesota in July 1983. After a stipulation of facts and cross motions for summary judgment, the district court, 592 F.Supp. 18, the Honorable Donald D. Alsop, granted the government's motion for summary judgment. This appeal followed.

We find 26 U.S.C. § 58(d)(1) (1970) directly applicable and constitutional, and we affirm the judgment of the district court.

Taxpayers make two arguments. First, they argue that the government cannot impose a minimum tax on the individual shareholders for the percentage depletion deduction of the subchapter S corporation because the shareholders do not receive "income," as required by section 56(a). They assert that section 1373 limits the shareholders' income to the undistributed taxable income of the subchapter S corporation. Since the increased earnings and profits resulting from the percentage depletion deduction are not part of the undistributed taxable income, see § 1373(c), tax-

payers claim they have not received income as a result of the deduction. They also assert that only the corporation, as a separate entity, enjoyed the tax benefit of the deduction and the shareholders received no benefit.

Second, taxpayers raise a constitutional argument based on their assertion that they have received no income. According to plaintiffs, since the sixteenth amendment is limited to taxes on incomes, see U.S. Const. amend XVI, section 58(d)(1) is unconstitutional. The essence of both arguments is that taxpayers feel they are being taxed on the income of another.

The premise of taxpayers' arguments is incorrect. The shareholders of Rhude & Fryberger, Inc. did receive a tax benefit from the percentage depletion deduction and the decision not to distribute all earnings and profits does not negate the fact that they have received income. At oral argument, taxpayers admitted they would have had to pay more tax if Rhude & Fryberger, Inc. had not taken the percentage depletion deduction. This is clearly a tax benefit. "Income" is an expansive concept, as taxpayers admit. See, e.g., Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429–30, 75 S.Ct. 473, 475–76, 99 L.Ed. 483 (1955); Kolom v. Commissioner, 644 F.2d 1282, 1287–88 (9th Cir.), cert. denied, 454 U.S. 1011, 102 S.Ct. 548, 70 L.Ed.2d 412 (1981); Graff v. Commissioner, 74 T.C. 743, 766 (1980) ("It is recognized that income may include virtually any economic benefit received by the taxpayer."). As a result of the corporation's subchapter S status, taxpayers' own income tax was reduced by the corporation's percentage depletion deduction because the amount of taxable income was reduced. The concept of income has never been limited to money actually received by the taxpayer. In the present case, taxpayers received a tax benefit and therefore must pay the minimum tax. The constitutionality of section 56 has

* The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation.

been established. *Wyly v. United States,* 662 F.2d 397 (5th Cir.1981).

The judgment of the district court is affirmed.