## KATHERINE LYNN MCCARTHY TRUST, DATED 12/27/76, LYNN MCCARTHY, SUCCESSOR TRUSTEE, PETITIONER v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 28106-81.          Filed April 22, 1986.

*Curtis Darling*, for the petitioners.
*Lin Murphy*, for the respondent.

JACOBS, *Judge*: Respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $10,506.[1] The issue for decision concerns the amount of petitioner's alternative minimum taxable income for purposes of calculating the alternative minimum tax imposed by section 55(a).[2] Resolution of the amount of petitioner's alternative minimum taxable income is dependent upon whether interest paid in 1979 by petitioner with respect to the 1976 purchase of stock is a deduction for purposes of determining the amount of petitioner's "adjusted itemized deductions," or whether such interest expense can be offset against interest income received by petitioner in connection with the 1979 sale of the stock.

### FINDINGS OF FACT

The facts of this case have been fully stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference.

By trust agreement dated December 27, 1976, Richard P. McCarthy and K. Maureen McCarthy, husband and wife, created irrevocable trusts for the benefit of their two children, Robert Patrick McCarthy and Katherine Lynn

---

[1]The amount of the deficiency in the notice of deficiency is $14,687. Respondent conceded that the amount stated in the notice of deficiency is in error and that the amount of the deficiency is $10,506.

[2]All statutory references are to the Internal Revenue Code of 1954 as amended and in effect during 1979.

McCarthy. The trustees held the trust estate as two separate and equal trusts; petitioner is one of those two trusts. The legal residence of petitioner at the time the petition was filed was Fresno, California.

On December 30, 1976, Richard P. McCarthy (hereinafter referred to as McCarthy) sold to petitioner and the Robert Patrick McCarthy Trust 106,732 shares of Southdown, Inc., common stock and subordinated notes of Southdown, Inc., due April 1, 1980, with a stated interest rate of 8.25 percent, in the aggregate principal amount of $705,100, for $10,000 in cash and an interest-bearing note in the amount of $2,145,982.

On September 13, 1977, petitioner and the Robert Patrick McCarthy Trust, as tenants in common, sold the Southdown subordinated notes for $634,590 cash, plus accrued interest.

In settlement of a class action brought against Southdown, McCarthy, and others, McCarthy and others agreed to sell to Southdown 213,646 shares of Southdown common stock for a price of $17 per share in cash. On October 10, 1977, McCarthy reacquired, for $17 per share, the 106,732 shares of Southdown, Inc., common stock which he had sold to petitioner and the Robert Patrick McCarthy Trust. The purchase price was payable: $150,000 in cash, and the balance ($1,664,444) in installments, the last installment due on April 30, 1983. The deferred portion of the purchase price was evidenced by a promissory note; interest was payable thereon at the rate of one percent over the Wells Fargo Bank's prime rate adjusted quarterly.

In 1979, McCarthy paid $214,873 in interest to petitioner pursuant to the terms of his 1977 note. Petitioner, in 1979, paid $170,939 in interest to McCarthy pursuant to the terms of its 1976 note. On its 1979 return, petitioner included in income the amount of interest received from McCarthy and deducted the amount of interest paid.

Petitioner paid the alternative minimum tax for 1979. In computing its alternative minimum taxable income, petitioner determined that the interest paid in 1979 ($170,439) was not a tax preference item but rather was an offset against the interest received ($214,873). Respondent determined that the $170,939 in interest paid in 1979 was a tax

preference item (i.e., the amount of the interest paid should be included in the calculation of "adjusted itemized deductions").

### OPINION

Section 55(a) imposes on noncorporate taxpayers an alternative minimum tax. Such tax is computed by applying graduated rates to the amount by which the taxpayer's alternative minimum taxable income over certain exempted amounts exceeds the regular tax for the taxable year.

The term "alternative minimum taxable income" is defined in section 55(b) to mean gross income—

(A) reduced by the sum of the deductions allowed for the taxable year,

(B) reduced by the sum of any amounts included in income under section 667, and

(C) increased by an amount equal to the sum of the tax preference items for—

(i) adjusted itemized deductions (within the meaning of section 57(a)(1)), and

(ii) capital gains (within the meaning of section 57(a)(9)).

"Adjusted itemized deductions" in the case of a trust is defined as the amount by which the sum of the deductions for the taxable year (subject to exceptions not relevant here) exceeds 60% of adjusted gross income (reduced by specified deductions not relevant here). Sec. 57(b)(2).

Sixty percent of petitioner's adjusted gross income for 1979 is $127,066; its interest deduction for 1979 (the only deduction that might be subject to the operation of section 57(b)(2)) is $170,939; thus, $127,066 of such interest deduction is clearly not an item of tax preference. Respondent's position, and the point of contention, is that the remaining $43,873 of the interest deduction is an item of tax preference.

Petitioner does not dispute that the interest it received in 1979 from McCarthy is properly included in gross income under section 61(a)(4). In the absence of any specific exclusion of interest from gross income, or any authority for offsetting interest received by interest paid in determining gross income, the interest petitioner received is fully includable in gross income. *Commissioner v. Lo Bue*, 351 U.S. 243 (1956), rehearing denied 352 U.S. 859 (1956).

Section 163 provides that "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." The statute does not provide for the netting of interest receipts and payments in arriving at the amount of the deduction.

Petitioner, in computing its regular tax, reported its interest income in full and claimed a deduction for all interest payments, without netting the two. It now contends, however, that for purposes of the alternative minimum tax, it is entitled to offset interest receipts and payments. Our examination of the alternative minimum tax provisions leaves us unpersuaded by petitioner's argument.[3]

From its inception in 1969, the minimum tax focused primarily on the nature of claimed deductions, termed "preferences," rather than on income. Sec. 301, Tax Reform Act of 1969, 83 Stat. 487, 580. Congress was aware that by "pil[ing] one advantage on top of another," in the form of deductions, exclusions, and credits, some taxpayers managed to avoid paying income taxes altogether. H. Rept. 91-413 (Part 1) (1969), 1969-3 C.B. 200.[4]

Not every deduction that is available under the Code is an item of tax preference. Section 57(b)(2) lists six items deductible by trusts and estates for regular tax purposes which are not items of tax preference. The deduction for interest under section 163 is not one of those six items. Pursuant to section 57(b)(2), the interest deduction is a tax preference item to the extent it exceeds 60 percent of adjusted gross income.

Whether petitioner had interest income in excess of the preference amount is irrelevant. If we were to adopt petitioner's argument, we would contravene the express provisions of section 57(b)(2). The deduction of interest would be eliminated in determining a trust's "adjusted

[3]Petitioner argues that under California law the doctrine of equitable setoff permits either party to a transaction involving mutual debts to strike a balance holding himself owing or entitled only to the net difference. There is no evidence in the record that petitioner and McCarthy entered into any setoff agreement. If they had set off their claims, petitioner would presumably have paid no interest to McCarthy. Instead, the record is clear, and petitioner admits, that it deducted the full amount of interest paid.

[4]In *Rhude v. United States*, 592 F. Supp. 18 (D. Minn. 1984), the District Court rejected taxpayer's argument that imposition of the minimum tax was erroneous where the taxpayer received no income relating to the tax preference item. In *Riley v. Commissioner*, 66 T.C. 141 (1976), we held that a taxpayer could not avail himself of income averaging provisions for purposes of computing the minimum tax imposed by sec. 56(a).

itemized deductions" (an item of tax preference) in any case in which a trust's interest income exceeds its interest payments. We do not think that Congress, when it enacted the alternative minimum tax provisions, intended such an exception to the application of the alternative minimum tax.

Petitioner was free to structure its affairs as it chose. The fact that the resulting tax consequences were not foreseen does not entitle petitioner to restructure the transaction in order to enjoy the benefit of another route he might have chosen to follow initially but did not. *Commissioner v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 147 (1974).

Therefore, we hold that petitioner's adjusted itemized deductions (for purposes of determining petitioner's alternative minimum taxable income) include the amount of interest it paid in 1979 in excess of 60 percent of its adjusted gross income without offset for interest it received during the taxable year.

Accordingly,

*Decision will be entered for the respondent.*