KATHERINE LYNN McCARTHY TRUST DATED 12/27/76, Lynn McCarthy, Successor Trustee, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 86–7459.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1987.

Decided May 15, 1987.

Curtis Darling, Bakersfield, Cal., for petitioner-appellant.

Gilbert F. Rothenberg, Washington, D.C., for respondent-appellee.

Before POOLE and BOOCHEVER, Circuit Judges, and DAVIES,* District Judge.

BOOCHEVER, Circuit Judge:

The Katherine Lynn McCarthy Trust (trust or taxpayer) appeals the tax court's deficiency judgment entered against it for the taxable year 1979 in the amount of $10,506, 86 T.C. 781. The trust concedes that it was subject to the alternative minimum tax under I.R.C. § 55(a) (1979), but contends that for the purpose of this section its interest income and interest expense should be netted to determine its adjusted gross income. Because the trust's interest income exceeded its interest expense, this computation, if allowed, would eliminate the interest expense from being included as an item of tax preference under I.R.C. § 55(b)(1)(C). We conclude that the plain language of the statute requires that the entire interest expense be included as an itemized deduction, and we therefore affirm the tax court's decision.

## FACTS

On December 27, 1976, two separate, irrevocable trusts were created by Richard P. McCarthy and K. Maureen McCarthy, husband and wife, for the benefit of their two children, Robert Patrick McCarthy and Katherine Lynn McCarthy. Taxpayer is one of those trusts. On December 30, 1976, Richard P. McCarthy (McCarthy) sold to taxpayer and the Robert Patrick McCarthy Trust 106,732 shares of Southdown, Inc., common stock and subordinated notes of Southdown, Inc., for $10,000 in cash and an interest-bearing note in the amount of $2,145,982. The subordinated notes were

* Honorable John G. Davies, United States District Judge for the Central District of California, sitting by designation.

sold on September 13, 1977, by the trusts as tenants in common for $634,950 cash, plus accrued interest.

On October 10, 1977, McCarthy reacquired the Southdown, Inc., common stock in order to satisfy a settlement of a class action brought against him, Southdown, and others. McCarthy paid the trust $150,-000 in cash and gave a promissory note for $1,664,444 plus interest payable thereon at the rate of one percent over the Wells Fargo Bank's prime rate, with quarterly adjustments of the rate. During 1979 McCarthy paid the trust $214,873 in interest pursuant to this promissory note and the trust paid McCarthy $170,939 in interest in accordance with its 1976 note.

When the trust prepared its 1979 tax return, it included as income the interest it received from McCarthy and deducted the interest paid to McCarthy as an itemized deduction. After concluding that it was subject to the alternative minimum tax, however, the trust determined its adjusted gross income for the purposes of calculating this tax by reducing interest income by interest expense, thus eliminating the interest expense item. As a result, the interest expense for the 1976 purchase of stock was not included as a tax preference item.

The Commissioner of Internal Revenue took the position that there was no authority that would allow the trust to offset interest received against interest paid. Because the trust had chosen to structure the second transaction without making the note payable to McCarthy as a partial satisfaction of the note receivable, it was liable for any resulting tax consequences. The Tax Court agreed with the Commissioner and denied the taxpayer's petition.

## ANALYSIS

Decisions of the United States Tax Court are reviewed on the same basis as decisions in civil bench trials in United States district courts. *Mayors v. Commissioner*, 785 F.2d 757, 759 (9th Cir.1986). In the instant case, the parties do not dispute the substance of the sales agreements. Application of the Internal Revenue Code in this situation is a question of law subject to de novo review by this court. *United States v. McConney*, 728 F.2d 1195, 1202–04 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

We refer to the Code as it existed in 1979 because this case involves federal income taxes for 1979. Under section 55, an alternative minimum tax is imposed on tax preference items as defined in section 55(b)(1). Included as tax preference items are adjusted itemized deductions. Itemized deductions, with certain exceptions, that exceed 60 percent of adjusted gross income are categorized as adjusted itemized deductions resulting in an additional tax. I.R.C. § 57(b). Interest expense, a deduction allowable under section 163 for regular income tax, is included in the computation of adjusted itemized deductions. Interest payments, on the other hand, are gross income under section 61(a)(4).

In adjusting taxpayer's 1979 return, the Commissioner used the following calculation:

| | |
|---|---|
| Interest deduction (line 18, Form 1040) | · $170,939 |
| Limitation for adjusted itemized deductions under Section 57(b) (total income $211,776 × 60%) | —$127,066 |
| Tax preference item | $ 43,873 |

The taxpayer, however, contends that the interest expense of $170,939 should be deducted from the interest income of $214,-873 in determining the adjusted gross income. Under this method there would be no itemized deduction of interest expense constituting a tax preference item.

The trust contends it is inequitable to treat interest income and interest expense differently for tax purposes when both involve the same parties and relate to the same transaction.[1] *Wallach v. United States*, 800 F.2d 1121 (Fed.Cir.1986), involved a similar situation. The Wallachs had purchased securities from a broker and

---

**1.** Although it is undisputed that the same parties were involved, we note that the sale of the stock to the trust by McCarthy in December 1976 and his subsequent repurchase in October 1977 constitute two transactions separated by approximately ten months.

then entered an agreement to sell the securities back to the broker in order to finance their purchase costs in the short-term funds market. They subsequently sustained significant losses when the interest rate on their borrowed funds increased. Liable for a minimum tax, the Wallachs offset the interest they received against the financing costs. They contended that the purchase and borrowing constituted a single transaction. As such, they argued that the interest expense should be deducted from gross income as a capital cost of engaging in the arbitrage transaction. *Id.* at 1122–23.

The court found the Wallachs' position untenable because they were not in the securities business. As investors, they were required to include the interest expense as an itemized deduction regardless of whether interest income was received from a related transaction. The plain language of the Internal Revenue Code could not be circumvented. *Id.* at 1124–25. Applying the rationale of *Wallach,* we hold the taxpayer in the instant case must comply with the Code and keep separate the receipt of interest and payment of interest on its tax return.

It is true that under sections 62 and 162 of the Code interest expense incurred in carrying on a trade or business may be deducted from interest income prior to determining adjusted gross income. Taxpayer, however, does not contend that the interest expense in question was incurred in carrying on a "trade or business" within the meaning of section 162 of the Code. Therefore, the trust is required to deduct the interest it paid as an itemized deduction from its adjusted gross income under sections 63 and 163.

This interest expense was properly included by the Commissioner in computing the trust's adjusted itemized deductions. Therefore, this expense, as a tax preference item, was correctly included in determining the trust's alternative minimum taxable income.

## CONCLUSION

The decision of the tax court is AFFIRMED.