CHARLES H. UNGERMAN, JR. REVOCABLE TRUST, DATED AUGUST 1, 1979, JAMES F. FARR, WALTER W. UNGERMANN, AND BARBARA U. BIRDSEY, TRUSTEES, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5889-86.          Filed December 8, 1987.

*David W. Fitts* and *Stephen Ziobrowski,* for the petitioner.

*Christine Colley,* for the respondent.

OPINION

STERRETT, *Chief Judge:** By notice of deficiency dated January 10, 1986, respondent determined a deficiency in petitioner's Federal income tax for the fiscal year ended May 31, 1983, in the amount of $50,944. The only issue for decision in this case is whether a deduction claimed by petitioner for an interest expense, incurred and paid by petitioner on the unpaid balance of a Federal estate tax liability deferred under section 6166,[1] qualifies as a deduction for a cost "paid or incurred in connection with the

---

*By order of the Chief Judge, this case was reassigned to the Chief Judge for opinion and decision.

[1] Unless otherwise indicated, all sections referred to are sections of the Internal Revenue Code of 1954 as amended and in effect during the year in issue, and all rules referred to are rules of the Tax Court Rules of Practice and Procedure.

administration of * * * [an] estate or trust" within the meaning of section 57(b)(2)(B)(i). Resolution of this issue will determine whether petitioner is subject to the alternative minimum tax imposed by section 55.

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioner is the Charles H. Ungerman, Jr., Revocable Trust, James F. Farr, Walter W. Ungermann, and Barbara U. Birdsey, trustees. At the time the petition was filed in this case, the trustees of petitioner resided in Boston, Massachusetts. Petitioner's fiduciary income tax return for the year in issue was filed with the Office of the Internal Revenue Service in Andover, Massachusetts.

Petitioner was established by Charles H. Ungerman, Jr., on August 1, 1979, as a revocable inter vivos trust. After the death of Mr. Ungerman, on August 3, 1981, petitioner continued for the benefit of Mr. Ungerman's wife and children.

The value of Mr. Ungerman's adjusted gross estate was $58,600,018. The major asset in the adjusted gross estate was stock in Walbar, Inc., an "interest in a closely held business" within the meaning of section 6166. The value of the Walbar stock was determined to be $56,824,589, or 96.97 percent of the value of the entire adjusted gross estate. The net Federal estate tax payable by the estate was $15,034,672.

The executor of Mr. Ungerman's estate made a timely election under section 6166 to defer payment of the Federal estate tax liability attributable to the Walbar stock. As a result of this election, during its fiscal year ended May 31, 1983, petitioner paid $1,950,509.47 in interest on the deferred Federal estate tax liability, as required by section 6166(f)(1). The interest paid by petitioner on the deferred Federal estate tax liability was allowed as an administration expense by the Commonwealth of Massachusetts, the State in which petitioner was being administered.

On its fiduciary income tax return for the fiscal year ended May 31, 1983, petitioner reported total income in the amount of $760,845, and claimed total deductions in the same amount. A portion of the total deductions, $685,230,

represented interest paid by petitioner on the deferred Federal estate tax liability.[2] Petitioner treated its claimed deduction for the interest paid on the deferred Federal estate tax liability as a deduction for a cost paid or incurred in connection with the administration of an estate or trust within the meaning of section 57(b)(2)(B)(i). As a result, petitioner determined that it was not liable for alternative minimum tax under section 55.

In his notice of deficiency, respondent determined that the interest expense was deductible only as interest under section 163, and therefore that the claimed deduction for the interest constituted an itemized deduction, that is, a deduction from adjusted gross income. The effect of this determination was to subject petitioner to the alternative minimum tax imposed by section 55.

We must decide whether petitioner's claimed deduction for the interest paid on the deferred Federal estate tax liability qualifies as a deduction for a cost paid or incurred in connection with the administration of an estate or trust within the meaning of section 57(b)(2)(B)(i). If so, petitioner is not subject to the alternative minimum tax imposed by section 55.[3]

Petitioner argues that the interest expense was an ordinary and necessary administration expense that it incurred and "paid in connection with the management, conservation, and maintenance of property held for the production of income, i.e., Walbar stock." Petitioner asserts, therefore, that the interest expense is deductible as an administration expense under section 212 and the regulations thereunder.[4]

---

[2] On brief, petitioner represents that the balance of the interest it paid on the deferred Federal estate tax liability during the fiscal year ended May 31, 1983, "$1,265,279, was allowed as an administration expense in determining the net estate subject to the estate tax."

[3] Sec. 55 imposes an alternative minimum tax on "alternative minimum taxable income." Sec. 55(a) and (b). "Alternative minimum taxable income" includes "adjusted itemized deductions" within the meaning of sec. 57(a)(1). Sec. 55(b)(1)(C). However, deductions allowable in arriving at adjusted gross income are not "adjusted itemized deductions." See secs. 57(b)(1) and (2); 63(f)(1). Moreover, "deductions for costs paid or incurred in connection with the administration of * * * [an] estate or trust * * * shall be treated as allowable in arriving at adjusted gross income." Sec. 57(b)(2)(B). Consequently, costs properly deductible as administration expenses of an estate or trust are not "adjusted itemized deductions," are therefore not included in "alternative minimum taxable income," and are therefore not subject to the alternative minimum tax imposed by sec. 55.

[4] Sec. 212 provides, in pertinent part, as follows:

SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

Petitioner further asserts that since, in its view, the interest expense is deductible as an administration expense under section 212, the claimed interest expense deduction qualifies as a deduction for a cost paid or incurred in connection with the administration of an estate or trust within the meaning of section 57(b)(2)(B)(i).

Respondent does not argue that the interest expense was not an ordinary and necessary administration expense of petitioner, or that petitioner did not incur and pay the expense in connection with the management, conservation, or maintenance of property held for the production of income. Instead, he simply argues that the interest expense is not allowable as a deduction under section 212 because it is specifically allowable under section 163.[5] In respondent's view, "Section 212 is not necessary for, and does not expressly cover, expenses that are specifically deductible under other sections of the Code," and "it would not be proper to deduct any interest expense paid by an estate or trust under this provision because interest is specifically deductible under section 163." Respondent concludes, therefore, that since, in his view, section 212 allows "an income tax deduction for those expenses of administering an estate or trust * * * which would not be deductible under any

---

*   *   *   *   *   *   *

(2) for the management, conservation, or maintenance of property held for the production of income; * * *

Sec. 1.212-1(i), Income Tax Regs., provides, in pertinent part, that—

(i) Reasonable amounts paid or incurred by the fiduciary of an estate or trust on account of administration expenses, including fiduciaries' fees and expenses of litigation, which are ordinary and necessary in connection with the performance of the duties of administration are deductible under section 212, notwithstanding that the estate or trust is not engaged in a trade or business * * *

[5]Sec. 163 provides, in pertinent part, as follows:

SEC. 163. INTEREST.

(a) GENERAL RULE.—There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.

Interest deductible under sec. 163 is deductible from adjusted gross income, and therefore constitutes an itemized deduction within the meaning of sec. 63(f). See sec. 62. Consequently, if an interest expense is great enough, as it is in this case, a portion of the expense will also constitute an "adjusted itemized deduction" within the meaning of sec. 57(a)(1). See sec. 57(b)(1). As already noted, "adjusted itemized deductions" are included in "alternative minimum taxable income," and are therefore subject to the alternative minimum tax imposed by sec. 55. See note 3 supra. Consequently, petitioner would be subject to the alternative minimum tax if the interest expense at issue herein were deductible only under sec. 163.

other provision of the Code \* \* \* [,] the reference in section 57(b)(2)(B)(i) to costs paid in connection with the administration of the estate or trust should be read to mean those administration costs that are not otherwise covered by specific itemized deductions."

The parties do not cite, nor have we found, any authority that is directly on point. However, in *Estate of Bahr v. Commissioner,* 68 T.C. 74 (1977), we held that interest incurred on the unpaid balance of a Federal estate tax liability deferred under section 6161 was deductible as an administration expense for purposes of the estate tax, stating as follows:

Since 1937 we have held that expenses incurred to prevent financial loss to an estate resulting from forced sales of its assets in order to pay its estate taxes are deductible for estate tax purposes as administration expenses. *Estate of Huntington v. Commissioner,* 36 B.T.A. 698 (1937). In *Huntington,* the decedent's estate issued notes to pay assessed estate taxes \* \* \* to avoid losses which would have resulted from the forced sale of its assets. In holding that the discount and redemption premiums and the issuance and redemption expenses incurred in connection with the notes were properly deductible in computing the decedent's taxable estate, we stated at page 726:

"The issuance of the notes avoided the necessity of sacrificing the assets of the estate by immediate or forced sale of the same, or any part thereof, and the expenditures properly incident thereto were clearly made for the purpose of preserving and preventing waste of the estate, which, as was said in *Brown v. Commissioner,* 74 Fed. (2d) 281, was 'one of the first obligations of an executor.' "

[68 T.C. at 78-79.]

In this case, just as in *Estate of Bahr* and *Estate of Huntington,* the interest expense in question was incurred and paid by petitioner to avoid the necessity of sacrificing its assets (the Walbar stock), by immediate or forced sale, in order to pay the estate tax liability. As a result, the expenditure was clearly made for the purpose of preserving the assets of petitioner. Consequently, for purposes of the estate tax at least, there is no doubt that the interest expense qualifies as an administration expense.

Respondent argues, however, that *Estate of Bahr* is not controlling in this case because estate tax concepts do not control the proper application and interpretation of the income tax provisions. We recognize, of course, that *Estate of Bahr* is not controlling in this case. However, that fact,

standing alone, is not a reason for holding that an interest expense that is an administration expense for purposes of the estate tax is not an administration expense for purposes of the income tax. Moreover, in this case, we perceive no reason for making such a distinction.

Respondent's argument that the interest expense is not allowable as a deduction under section 212 because it is specifically allowable under section 163 is without merit. In *McNutt-Boyce Co. v. Commissioner,* 38 T.C. 462 (1962), affd. per curiam 324 F.2d 957 (5th Cir. 1963), the Commissioner argued that an interest expense was not allowable as a deduction under section 162 because it was specifically allowable under section 163. In rejecting that argument and holding that the interest expense there in issue was allowable as a deduction under section 162, we stated as follows:

Sections 162 and 163 are not inconsistent with each other. They are of equal dignity and should be so considered. In *State v. Shanks,* 178 Ind. 330, 99 N.E. 481, the Supreme Court of Indiana observed that:

"When there is no repugnancy between two distinct and co-ordinate sections of the same statute, the language of the special provisions of one should not be allowed to limit or control the general provisions of the other, especially when such general provisions are in harmony with the purpose and scope of the statute * * * "

[38 T.C. at 469.]

Section 212 "is to be considered *in pari materia* with section 162; * * * it provides for a class of deductions coextensive with 'business' deductions but for the requirement that the income-producing activity be a trade or business." *Hewett v. Commissioner,* 47 T.C. 483, 487 (1967). Consequently, since sections 162 and 163 are of equal dignity and transparently not inconsistent with each other, it necessarily follows that sections 212 and 163 are of equal dignity and not inconsistent with each other. Therefore, the interest expense here in issue is allowable as a deduction under section 212 if it satisfies the tests for deductibility under that section, even though it also may be allowable under section 163.

In our opinion, the interest incurred and paid by petitioner on the deferred Federal estate tax liability was an ordinary and necessary administration expense that was

incurred and paid in connection with the management, conservation, or maintenance of property held for the production of income. Enough said. Indeed, as already noted, respondent does not argue otherwise. Consequently, we hold that the interest expense at issue herein is deductible as an administration expense under section 212, and therefore that the claimed deduction for that expense qualifies as a deduction for a cost paid or incurred in connection with the administration of an estate or trust within the meaning of section 57(b)(2)(B)(i).[6] It follows that petitioner is not subject to the alternative minimum tax imposed by section 55.

*Decision will be entered for the petitioner.*

---

[6]Our holding in this case does not mean that every interest expense incurred and paid by an estate or trust is an administration expense for purposes of the income tax. See *McCarthy Trust v. Commissioner*, 86 T.C. 781 (1986), affd. 817 F.2d 558 (9th Cir. 1987).

